UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE OTIS WASHINGTON,

    Petitioner,

v.                                                     Case No. 1:11-cv-1273

MARY BERGHUIS,                         HON. GORDON J. QUIST

    Respondent.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION AND
# DENYING MOTION FOR RECONSIDERATION

On August 9, 2017, Magistrate Judge Kent issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus. (ECF No. 49.) The Court has reviewed the R & R recommending that the petition be denied. The R & R was duly served on Petitioner on August 9, 2017. On August 21, 2017, Petitioner filed a motion for an extension of time to file a response to the R& R. The magistrate judge ordered that this motion be denied on August, 24, 2017, however, this Court reversed the magistrate judge on August 13, 2017, granting Petitioner fourteen additional days to respond to the R & R. (ECF No. 55). Petitioner submitted an objection on September 26, 2017, objecting to the magistrate judge's findings, again arguing that he suffered from ineffective assistance of counsel at trial and that the prosecutor committed misconduct. (ECF No. 59.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determinations of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo

review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted. In his objection, Petitioner makes meritless assertions that are adequately addressed, and directly contradicted, by the R & R.

First, the Court concurs with the magistrate judge's determination that there is no basis to argue ineffective assistance of counsel due to the failure to request a specific jury instruction regarding unanimity. The trial judge provided a general instruction on jury unanimity, and explained the individual determinations the jurors were required to make on their own "individual considered judgment." There was no reason for Petitioner's trial counsel to object to these instructions. Petitioner's claims that his counsel "was not competent enough to ask for the bare minimum" and that "[t]he jury was left to potentially compromise as to the counts and incidents alleged in this case" are entirely baseless. (ECF No. 59 at PageID.579.)

Second, the Court concurs with the magistrate judge's determination that there is no basis to argue that prosecutorial misconduct rendered Petitioner's trial unfair. Petitioner is correct that "[c]redibility determinations are left for the Jury [*sic*] to decide." (*Id.* at PageID.582.) When Petitioner testified that the government witnesses were lying, he called their credibility into question; this undeniably opened the door for the prosecutor to both cross-examine Petitioner and address his testimony on the matter of the witnesses' credibility. That is the nature of a jury trial. Petitioner's allegations that this made "a mockery of the defense" and made him "a witness against himself" are patently false and meritless. (*Id.*) Accordingly, it was not ineffective assistance of counsel to fail to object to the prosecutor's related comments.

Therefore, the Court will overrule Petitioner's Objection and adopt the R & R as the opinion of the Court.

Petitioner also filed a motion for reconsideration on September, 18, 2017. (ECF No. 65.) He seeks reconsideration of an order docketed as No. 7 from Case No. 1:14-cv-447 dismissing a petition Petitioner had intended to file as an amended complaint in the instant case. He also seeks reconsideration of the magistrate judge's January 18, 2017, order denying his motion to amend his habeas petition. (ECF No. 46.)

A party seeking reconsideration of a court's ruling bears a heavy burden. To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but [must] also show that a different disposition of the case must result from a correction thereof." *See* W.D. Mich. LCivR 7.4(a). Petitioner fails to show a palpable defect in the Court's prior order.

Moreover, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that

3

reasonable jurists could not find that this Court's denial of Petitioner's claims were debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 9, 2017, (ECF No. 49) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 59) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration (ECF No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: October 4, 2017                                /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE